Case 2:24-cv-00168   Document 64   Filed on 07/11/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO SALINAS, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:24-CV-00168 |
| ROMEO R. RAMIREZ, *et al.*, | § § | |
| Defendants. | § § | |

# MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND TO DENY IN PART AND GRANT IN PART DEFENDANT'S MOTION

Plaintiff Roberto Salinas, a non-prisoner appearing *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's Second Motion for Summary Judgment (D.E. 60) and Sheriff Romeo R. Ramirez's Emergency Motion to Strike, Stay Proceedings on, or Deny as Premature Plaintiff's Second Motion for Summary Judgment (D.E. 61).[1] For the reasons set forth below, the undersigned respectfully recommends that the district court deny Plaintiff's summary judgment motion without prejudice and grant in part Sheriff Ramirez's motion

---

[1] As part of his motion, Plaintiff also moves the Court for emergency consideration of his motion because the deadline to respond to Plaintiff's second summary judgment motion is July 15, 2025. (D.E. 61, p. 5). The undersigned has granted Sheriff Ramirez's motion, to the extent he seeks emergency consideration of it before July 15, in a separate order.

only on his stated alternative basis for the Court to deny the second summary judgment motion without prejudice as prematurely filed.

Plaintiff, a non-prisoner at the time he filed his Complaint, claims that his constitutional rights were violated in connection with his arrest and confinement in the Duval County Jail in June 2024. (D.E. 1). Plaintiff sues Sheriff Ramirez, Duval County, and Judge Canales. *Id.* at 1, 3. Plaintiff seeks "justice" in the form of monetary relief. *Id.* at 4. At the Court's direction, Plaintiff filed a More Definite Statement. (D.E. 12).

On December 10, 2024, the undersigned issued a Memorandum and Recommendation ("December 10, 2024 M&R"), recommending that the Court retain only Plaintiff's Fourteenth Amendment due process claim against Sheriff Ramirez with regard to his alleged unlawful detention of Plaintiff after he was granted bail on June 17, 2024. (D.E. 13). District Judge David S. Morales adopted the December 10, 2024 M&R in its entirety. (D.E. 35).

On January 14, 2025, Sheriff Ramirez filed his answer in which he asserted the defense of qualified immunity. (D.E. 23, p. 3). On January 21, 2025, Sheriff Ramirez filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) (D.E. 27-1) and a Motion for Rule 7 Reply (D.E. 27-2). On March 11, 2025, the undersigned issued a Memorandum and Recommendation ("March 11, 2025 M&R"),

recommending that the Court: (1) grant Sheriff Ramirez's Rule 12(c) Motion for Judgment on the Pleadings and dismiss with prejudice Plaintiff's Fourteenth Amendment due process claim against claim Sheriff Ramirez in his individual capacity; and (2) deny Sheriff Ramirez's Motion for Rule 7 Reply. (D.E. 38). In support of these recommendations, the undersigned concluded "that Sheriff Ramirez is entitled to qualified immunity due to Plaintiff's failure to show that every reasonable officer would have known that Sheriff Ramirez's action – in ordering Plaintiff to be detained overnight for a period of less than twelve hours after bail was set – violated Plaintiff's due process rights." *Id.* at 17. The March 11, 2025 M&R is pending before District Judge Morales.

On April 14, 2025, Plaintiff filed a Motion for Summary Judgment, seeking judgment as a matter of law with respect to his due process claim against Sheriff Ramirez. (D.E. 46). Sheriff Ramirez moved to strike Plaintiff's summary judgment, arguing that Plaintiff's motion is procedurally improper. (D.E. 47, pp. 2-3). In a Memorandum and Recommendation issued on April 28, 2025 ("April 28, 2025 M&R"), the undersigned recommended that:

- Plaintiff's summary judgment motion (D.E. 46) be DENIED without prejudice to re-urge (file again) if and when District Judge Morales should decline to adopt the undersigned's March 11, 2025 M&R and deny Sheriff Ramirez's Rule 12(c) motion on the qualified immunity issue; and

- Sheriff Ramirez's motion (D.E. 47), to the extent he seeks to strike Plaintiff's summary judgment motion or stay consideration of the motion, be DENIED as moot.

(D.E. 50). The April 28, 2025 M&R remains pending before District Judge Morales. Along with the April 28, 2025 M&R, the undersigned issued an order: (1) granting Sheriff

Ramirez's motion seeking emergency consideration of his motion to strike or stay (D.E. 47, p. 5); and (2) directing Sheriff Ramirez not to file a substantive response to the summary judgment motion unless and until the District Court should decide to decline to adopt the M&R and order further consideration of Plaintiff's summary judgment motion. (D.E. 49).

Rather than wait for District Judge Morales to rule on the March 11, 2025 M&R, Plaintiff has filed a Second Motion for Summary Judgment, seeking judgment as a matter of law with respect to his due process claim against Sheriff Ramirez.[2] (D.E. 60). Sheriff Ramirez moves to strike Plaintiff's second summary judgment motion, arguing that Plaintiff's motion is procedurally improper. (D.E. 61, pp. 2-3). Sheriff Ramirez contends that it would be improper to rule on Plaintiff's second summary judgment motion until after the qualified immunity issue presented in his Rule 12(c) Motion for Judgment on the Pleadings is decided. *Id.* at 3-4. Alternatively, Sheriff Ramirez moves the Court to stay consideration of the summary judgment motion or deny it as premature until after the Court has ruled on the Rule 12(c) motion. *Id.* at 4.

For the same reasons set forth in the April 28, 2025 M&R, the undersigned finds Sheriff Ramirez's arguments to be persuasive in the sense that Plaintiff's second dispositive motion also has been filed in a premature fashion. Again, the Fifth Circuit recognizes that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (internal quotations and citation omitted). Thus, a district court must grant a motion

---

[2] Plaintiff also seeks summary judgment with respect to Duval County. (D.E. 60, pp. 6-8). However, Plaintiff's claims against Duval County previously have been dismissed from this action. (*See* D.E. 13, pp. 8-9, 21; D.E. 35, p. 1).

to dismiss based on the pleadings if those pleadings are insufficient to overcome qualified immunity.  *Id.*  Allowing a plaintiff to proceed on a summary judgment motion would effectively contradict the principle that qualified immunity is "immunity from suit," which includes protection from the burdens of pretrial discovery and other potentially avoidable pretrial matters.  *Id.* at 310 (internal quotations and citation omitted).  Here, as Plaintiff should be aware, postponing initial consideration of the qualified immunity issue until the summary judgment stage would effectively deny Sheriff Ramirez the benefit of asserting his qualified immunity defense through a motion to dismiss or motion for judgment on the pleadings.  *Id.*

Accordingly, the undersigned finds Plaintiff's second summary judgment motion to be filed prematurely while the qualified immunity issue remains pending before the district court as raised in Sheriff Ramirez's Rule 12(c) Motion for Judgment on the Pleadings.  The undersigned, therefore, respectfully recommends that:

- Plaintiff's second summary judgment motion (D.E. 60) be **DENIED without prejudice** to re-urge (file again) **ONLY if and when** District Judge Morales should decline to adopt the undersigned's March 11 M&R and deny Sheriff Ramirez's Rule 12(c) motion on the qualified immunity issue;

- Sheriff Ramirez's motion (D.E. 61) be **DENIED in part** to the extent he asks the Court to strike the second summary judgment motion or stay proceedings as to that motion; and

- Sheriff Ramirez's motion (D.E. 61) be **GRANTED in part** only on his stated alternative basis for the Court to deny the second summary judgment motion without prejudice as prematurely filed.

Respectfully submitted on July 11, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).