Case 2:24-cv-00168   Document 68   Filed on 07/18/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERTO SALINAS, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:24-CV-00168 |
| § | |
| ROMEO R. RAMIREZ, *et al.*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court are Magistrate Judge Julie Hampton's March 11, 2025 Memorandum and Recommendation ("M&R"), (D.E. 38), and April 28, 2025 M&R, (D.E. 50). The March 11, 2025 M&R recommends that the Court:

(1) Grant Defendant's Motion for Judgment on the Pleadings, (D.E. 27);

(2) Dismiss Plaintiff's Fourteenth Amendment due process claim against Sheriff Ramirez in his individual capacity, and

(3) Deny Defendant's Motion for Rule 7 Reply, (D.E. 27),

(D.E. 38, p. 17). Plaintiff filed written objections to the M&R. (D.E. 40; D.E. 42; D.E. 45).

The April 28, 2025 M&R recommends that the Court:

(4) Deny Plaintiff's Motion for Summary Judgment, (D.E. 46), without prejudice to re-urge if and when this Court declines to adopt Magistrate Judge Hampton's March 11, 2025 M&R,; and

(5) Deny Defendant Sheriff Ramirez's Motion to Strike as moot, (D.E. 47),

(D.E. 50, p. 4). Plaintiff filed written objections to the M&R. (D.E. 52; D.E. 55).

When a party objects to the recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for

which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### I. March 11, 2025 M&R

Plaintiff objects to the M&R's recommendation that Defendant's Motion for Judgment on the Pleadings should be granted. (D.E. 40, p. 1). Plaintiff maintains that a defendant may lose their immunity "by knowingly violating the law or acting in a way that a reasonable person would know is unlawful." *Id.* at 1–2. In support, Plaintiff argues that Defendant should "know right from wrong," that Defendant violated the Texas Civil Practice and Remedies Code, and that Defendant deliberately delayed Plaintiff's release in contravention of the County Judge. *Id.*; (D.E. 45, p. 1–2). Plaintiff also cites several cases in support. (D.E. 42, p. 2; D.E. 45, p. 2).

Plaintiff's objections are conclusory—and the Court does not consider conclusory objections that do not specifically assert why the M&R is wrong. *See Perez v. Stephens*, No. 2:15-CV-409, 2016 WL 722466, at *1 (S.D. Tex. Feb. 24, 2016) (Ramos, J.), *aff'd sub nom.*, 690 F. App'x 200 (5th Cir. 2017) (per curiam); *Martinez v. Torok*, No. 2:21-CV-113, 2022 LEXIS 133239, at *2 (S.D. Tex. July 27, 2022) (Tipton, J.) ("[A] party must object to the magistrate's finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." (quoting *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008)) (cleaned up)). Plaintiff's contentions that Defendant should know right from wrong; that Defendant violated the Texas Civil Practice and Remedies Code; and that Defendant should not have denied Plaintiff's release do not address the M&R's findings that Plaintiff has failed to demonstrate that Defendant's conduct was in violation of a clearly established right.

Furthermore, the cases that Plaintiff cites do not establish that Defendant's actions were objectively unreasonable under clearly established law. *See Harlow v. Fitzgerald,* 457 U.S. 800,

818 (1982). Plaintiff cites to cases that are too factually distinct from the present case. *See Sweetin v. City of Texas*, 48 F.4th 387, 390 (5th Cir. 2022) (concerning a permit officer's detention of ambulance drivers); *Taylor v. Riojas*, 592 U.S. 7, 8 (2020) (per curiam) (concerning correctional officer housing plaintiff in deplorably unsanitary conditions); *Hope v. Pelzer*, 536 U.S. 730, 733 (2002) (concerning defendant's punishment of plaintiff by use of a hitching post); *Tucker v. Outwater*, 118 F.3d 930, 931–32 (2d Cir. 1997) (concerning the application of judicial immunity).

Plaintiff's other cited cases concerning prisoner detainment are similarly inapposite because Plaintiff was allegedly detained for less than twelve hours and released after the conditions of his confinement were satisfied. *See Harris v. Clay Cnty.*, 47 F.4th 271, 274 (5th Cir. 2022) (concerning plaintiff's six-year detention by defendant in violation of a court order); *Whirl v. Kern*, 407 F.2d 781, 785 (5th Cir. 1968) (concerning, inter alia, plaintiff's nine-month detention even though all charges were dismissed). As Judge Hampton noted, there is "no robust consensus of persuasive authority finding due process violations in scenarios similar to the one at issue in this case." (D.E. 38, p. 15). Plaintiff's cases do not alter this conclusion and do not establish that "every reasonable official would have understood what he is doing violates that right." *Ashcroft*, 563 U.S. at 741 (internal quotation omitted). Accordingly, Plaintiff's objections are **OVERRULED**. (D.E. 40; D.E. 42; D.E. 45).

## II. April 28, 2025 M&R

Plaintiff objects to the April 28, 2025 M&R recommendation that Plaintiff's motion for summary judgment be denied without prejudice. (D.E. 52; D.E. 55). Plaintiff argues that his detention constituted a due process violation (D.E. 52, p. 2; D.E. 55, p. 4). In support, Plaintiff cites various cases.

Once again, Plaintiff's objections are largely conclusory and do not disrupt the M&R's findings that Plaintiff failed to show that Defendant's conduct violated a clearly established right. *See Ashcroft*, 563 U.S. at 741. As before, Plaintiff's cases are largely dissimilar from the present case. *See ODonnell v. Harris Cnty.,* 260 F. Supp. 3d 810, 813 (S.D. Tex. May 11, 2017) (Rosenthal, CJ.), *aff'd*, 882 F.3d 528, 535 (5th Cir. 2018) (concerning a policy of detaining indigent defendants before trial on secure money bail without procedural protections); *United States v. Montalvo-Murillo,* 495 U.S. 711, 713 (1990) (concerning whether failure to comply with the prompt hearing provision of the Bail Reform Act of 1984 requires release).

Further, Plaintiff cites to cases that concern unlawful detention for periods of time far greater than the less than twelve-hour period that Plaintiff suffered. *See Hicks v. LeBlanc*, 81 F.4th 497, 500 (5th Cir. 2023) (concerning plaintiff's unlawful detention for sixty days); *Porter v. Epps,* 659 F.3d 440, 443 (5th Cir. 2011) (concerning prisoner's detention fifteen months beyond his sentence); *Plumb v. Prinslow*, 847 F. Supp. 1509, 1513 (D. Or. Mar. 14, 1994) (Panner, J.) (concerning plaintiff's wrongful imprisonment for seventy days). Plaintiff is correct in his assertion that some delay in a pretrial detainee's release "may constitute a violation of an inmate's clearly established right to timely release." (D.E. 55, p. 7). However, the cited cases do not establish Plaintiff's right to not be detained for less than twelve hours after bail has been set. *See Vincent v. City of Sulphur,* 805 F.3d 543, 547 (5th Cir. 2015) ("The plaintiff has the burden of demonstrating that the defendant official is not entitled to qualified immunity.").

Lastly, Plaintiff's reliance on *Hopkins v. Bradley County* is misplaced. 338 S.W.3d 529, 530 (Tenn. Ct. App. Nov. 19, 2010). There, the defendants allegedly violated plaintiff's rights by denying him the ability to post bail and holding him for twelve hours. *Id.* at 530–31. Though the trial court found such conduct violated due process, the Tennessee Court of Appeals reversed in

part, holding that "being held for twelve hours before being released on bail does not automatically constitute a constitutional violation." *Id.* at 538 (citing *Tate v. Hartsville/Trousdale County*, No. 3:09-0201, 2010 U.S. Dist. LEXIS 109714, at *22 (M.D. Tenn. Oct. 14, 2010) (Campbell, J.)). Though not binding authorities, *Hopkins* and *Tate* undermine Plaintiff's claims. *See id.* At the least, the cases support the March 11, 2025 M&R's conclusion that there is no robust consensus of persuasive authority finding due process violations where plaintiff was detained for less than twelve hours after bail had been set. (D.E. 38, p. 15). And, in any event, Plaintiff's objections do not explain how the April 28, 2025 M&R's conclusion that Plaintiff's motion is a premature motion is wrong. Accordingly, Plaintiff's objections are **OVERRULED**. (D.E. 52; D.E. 55).

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the parties' objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 40; D.E. 42; D.E. 45), **DISMISSES** Defendant's objections as moot[1] (D.E. 44), and **ADOPTS** the findings and conclusions of the March 11, 2025 M&R, (D.E. 38). Furthermore, the Court **OVERRULES** Plaintiff's objections (D.E. 52; D.E. 55), and **ADOPTS** the findings and conclusions of the April 28, 2025 M&R, (D.E. 50). Accordingly, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings, (D.E. 27), **DISMISSES** Plaintiff's Fourteenth Amendment due process claim against Sherriff Ramirez in his individual capacity, **DENIES** Defendant's

---

[1] Defendant presented a conditional objection to the March 11, 2025 M&R, stating that should the Court not accept the Magistrate Judge's recommendation to grant a complete judgment on the pleadings, Defendant objects to the recommendation that the Court should deny Defendant's Motion for a Rule 7 Reply. (D.E. 44, p. 4). Because the Court has adopted the M&R and granted Defendant's Motion for Judgment on the Pleadings, the Court **DISMISSES** Defendant's conditional motion as moot.

Motion for Rule 7 Reply, (D.E. 27), **DENIES without prejudice** Plaintiff's Motion for Summary Judgment **as moot**, (D.E. 46), and **DENIES** Defendant's Motion to Strike **as moot**, (D.E. 47).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July ___, 2025