Case 2:24-cv-00168   Document 71   Filed on 07/29/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00168 |
| | § | |
| ROMEO R. RAMIREZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON REMAINING MATTERS

Plaintiff Roberto Salinas, a non-prisoner appearing *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are:

- Plaintiff's Motion for Leave to Supplement Response to Emergency Motion to Strike or Stay Proceedings on Plaintiff's Motion for Summary Judgment (D.E. 51);

- Plaintiff's "Motion Sequencing Response, Docx 56 and Plaintiff Reply Rule 7 in Opposition to Defendant Sheriff's Qualified Immunity" (D.E. 57); and

- Magistrate Judge Julie K. Hampton's July 11, 2025 Memorandum and Recommendation ("M&R") (D.E. 64).

### I. Background

After screening Plaintiff's Complaint, (D.E. 1), and More Definite Statement, (D.E. 12), the Court retained only Plaintiff's Fourteenth Amendment due process claim against Sheriff Romeo R. Ramirez with regard to his alleged unlawful detention of Plaintiff for less than twelve hours after Plaintiff was granted bail on June 17, 2024. *See* (D.E. 13; D.E. 35). Sheriff Ramirez then filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), (D.E. 27-1), and a Motion for Rule 7 Reply (D.E. 27-2). Magistrate Judge Hampton issued a M&R on March 11, 2025, recommending that the Court:

> (1) Grant Defendant's Motion for Judgment on the Pleadings, (D.E. 27);
>
> (2) Dismiss Plaintiff's Fourteenth Amendment due process claim against Sheriff Ramirez in his individual capacity, and
>
> (3) Deny Defendant's Motion for Rule 7 Reply, (D.E. 27),

(D.E. 38, p. 17). Plaintiff filed written objections to the M&R. (D.E. 40; D.E. 42; D.E. 45). Sheriff Ramirez presented a conditional objection to the March 11, 2025 M&R. (D.E. 44). Sheriff Ramirez asserted that, should the Court not accept Magistrate Judge Hampton's recommendation to grant a complete judgment on the pleadings, he objected to the recommendation that the Court should deny his Motion for a Rule 7 Reply. *Id.* at 4.

On April 14, 2025, Plaintiff filed a Motion for Summary Judgment, seeking judgment as a matter of law with respect to his due process claim against Sheriff Ramirez. (D.E. 46). Sheriff Ramirez moved to strike or stay consideration of Plaintiff's summary judgment, arguing that Plaintiff's motion is procedurally improper. (D.E. 47, p. 2–3). In a M&R issued on April 28, 2025, Judge Hampton recommended that the Court:

> (1) Deny Plaintiff's Motion for Summary Judgment, (D.E. 46), without prejudice if and when this Court declines to adopt the March 11, 2025 M&R; and
>
> (2) Deny Sheriff Ramirez's Motion to Strike, (D.E. 47), as moot.

(D.E. 50, p. 4). Plaintiff filed written objections to the M&R. (D.E. 52; D.E. 55). Plaintiff also filed: (1) a Motion for Leave to Supplement Response to Emergency Motion to Strike or Stay Proceedings on Plaintiff's Motion for Summary Judgment, (D.E. 51); and (2) a "Motion Sequencing Response, Docx 56 and Plaintiff Reply Rule 7 in Opposition to Defendant Sheriff's Qualified Immunity," (D.E. 57).

Before the Court ruled on the March 11, 2025 M&R, the April 28, 2025 M&R and the parties' objections, Plaintiff filed a Second Motion for Summary Judgment seeking judgment as

a matter of law with respect to his due process claim against Sheriff Ramirez. (D.E. 60). Sheriff Ramirez moved to strike Plaintiff's second summary judgment motion, arguing that Plaintiff's motion was procedurally improper. (D.E. 61, p. 2–3). Alternatively, Sheriff Ramirez moved the Court to stay consideration of the summary judgment motion or deny it as premature until after this Court ruled on the Rule 12(c) motion. *Id.* at 5. In a M&R issued on July 11, 2025, Magistrate Judge Hampton recommended that the Court:

(1) Deny without prejudice Plaintiff's second summary judgment motion, (D.E. 60), to re-urge only if and when this Court declines to adopt an M&R issued by Judge Hampton on March 11, 2025;

(2) Deny in part Sheriff Ramirez's motion, (D.E. 61), to the extent he asks the Court to strike the second summary judgment motion or stay proceedings as to that motion; and

(3) Grant in part Sheriff Ramirez's motion, (D.E. 61), only on his stated alternative basis for the Court to deny the second summary judgment motion without prejudice as prematurely filed.

(D.E. 64, p. 5).[1]

Thereafter, on July 18, 2025, the Court entered an order which first overruled Plaintiff's objections, (D.E. 40, D.E. 42; D.E. 45), to the March 11, 2025 M&R, dismissed Sheriff Ramirez's objections, (D.E. 4), as moot, and adopted the findings and conclusions of the March 11, 2025 M&R, (D.E. 38). (D.E. 68, p. 2–3, 5). In overruling Plaintiff's objections to the March 11, 2025 M&R, the Court concluded that Plaintiff's conclusory objections failed to demonstrate that Sheriff Ramirez's conduct was in violation of a clearly established right. *Id.* at 2. The Court further determined that Plaintiff's cited cases failed to demonstrate that Sheriff Ramirez's actions were objectively unreasonable under clearly established law in that they did

---

[1] Plaintiff also sought summary judgment with respect to Duval County. (D.E. 60, p. 6–8). However, as correctly noted in the July 11, 2025 M&R, Plaintiff's claims against Duval County were previously dismissed from this action. *See* (D.E. 13, p. 8–9, 21; D.E. 35, p. 1).

not establish that "every reasonable official would have understood what he is doing violated that [Fourteenth Amendment due process] right." *Id.* at 2–3 (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

In overruling Plaintiff's objections to the April 28, 2025 M&R, the Court found Plaintiff's objections to be "largely conclusory" and insufficient to "disrupt the M&R's findings that Plaintiff failed to show that [Sheriff Ramirez's] conduct violated a clearly established right." *Id.* at 4. The Court explained that Plaintiff's cited cases either were "largely dissimilar from the present case" or concerned "unlawful detention for periods of time far greater than the less than twelve-hour period that Plaintiff suffered." *Id.* Lastly, with respect to Plaintiff's reliance on a Tennessee case issued in 2010, the Court recognized the holding of the Tennessee appellate court which held that "being held for twelve hours before being released on bail does not automatically constitute a constitutional violation." *Id.* at 4–5 (citing *Hopkins v. Bradley Cnty.*, 338 S.W.3d 529, 538 (Tenn. Ct. App. Nov. 19, 2010)).

After the Court issued its July 18, 2025 Order, Plaintiff filed written objections to the July 11, 2025 M&R. (D.E. 69). Sheriff Ramirez, in turn, filed his response to Plaintiff's objections. (D.E. 70).

## II. Plaintiff's Motions

The Court did not address two of Plaintiff's motions in the July 18, 2025 Order, (D.E. 68). The Court first considers Plaintiff's Motion for Leave to Supplement Response to Emergency Motion to Strike or Stay Proceedings on Plaintiff's Motion for Summary Judgment. (D.E. 51). In this motion, Plaintiff argues that the Court should analyze Plaintiff's allegation that Sheriff Ramirez's investigator "Randy Trigo failed to investigate [Plaintiff's] incarceration of November 16, 2021." *Id.* at 2.

As Sheriff Ramirez correctly argues, Plaintiff's motion does not purport to address his Motion for Summary Judgment and whether such motion may be considered before a decision was issued on Sheriff Ramirez's Rule 12(c) motion for judgment on the pleadings. (D.E. 56, p. 2–3). Rather, Plaintiff's challenge to his November 16, 2021 incarceration is the subject of a separate lawsuit, in which the Court already has granted summary judgment against Plaintiff and entered a final judgment, to which Plaintiff has appealed to the Fifth Circuit Court of Appeals. *See Salinas v. Perez*, No. 2:23-CV-160 (S.D. Tex. 2025) (Morales, J.); (D.E. 89; D.E. 90; D.E. 95). Plaintiff's motion, (D.E. 51), therefore, offers nothing relevant to this case or otherwise causes the Court to revisit any of its prior decisions. Accordingly, the motion is **DENIED**. (D.E. 51).

Next, Plaintiff has filed a "Motion Sequencing Response, Docx 56 and Plaintiff Reply Rule 7 in Opposition to Defendant Sheriff's Qualified Immunity." (D.E. 57). Plaintiff essentially argues that there is nothing in the Federal Rules requiring a Rule 12(c) motion to be considered before a motion for summary judgment filed under Federal Rule of Civil Procedure 56. *Id.* at 2–3. Plaintiff argues further that consideration of the summary judgment motion may operate to conserve judicial resources. *Id.* at 3.

Plaintiff, however, fails to address in his motion the Fifth Circuit's recent holding that: (1) "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation;" (2) a district court must grant a motion to dismiss based on the pleadings if those pleadings are insufficient to overcome qualified immunity; and (3) allowing a plaintiff to proceed on a summary judgment motion effectively contradicts the principle that qualified immunity is "immunity from suit," which includes protection from the burdens of pretrial discovery and other potentially avoidable pretrial matters. *Carswell v. Camp*, 54 F.4th 307, 310–

12 (5th Cir. 2022) (internal quotations and citation omitted). Here, through compliance with *Carswell* and contrary to Plaintiff's unsupported argument, judicial resources were conserved by consideration of Sheriff Ramirez's Motion for Judgment on the Pleadings regarding the qualified immunity issue before consideration of a more burdensome summary judgment motion. Accordingly, Plaintiff's motion concerning the Court's sequencing of considering these motions, (D.E. 57), is **DENIED**.

### III. July 18, 2025 M&R

Plaintiff objects to the July 11, 2025 M&R recommendation that Plaintiff's second Motion for Summary Judgment be denied without prejudice. (D.E. 69). As with his objections to the April 28, 2025 M&R, Plaintiff again argues that his detention constituted a due process violation. *Id.* at 2–4. In support, Plaintiff cites various cases. *Id.*

Plaintiff's objections are once again largely conclusory and do not disrupt the Court's recent adoption of the March 11, 2025 M&R's findings and conclusions that Plaintiff failed to show Sheriff Ramerez's conduct as violating a clearly established right. *See Ashcroft*, 563 U.S. at 741. Plaintiff cites to cases that either are factually distinct from the present case or are inapposite because they concern unlawful detention for periods of time far greater than the less than twelve-hour period that Plaintiff suffered. *See, e.g.*, *Parker v. LeBlanc*, 73 F.4th 400, 402, 407–08 (5th Cir. 2023) (concerning the extension of an inmate's detention by 337 days beyond his release date due to being misclassified as a sex offender); *Harris v. Clay Cnty., Miss.*, 47 F.4th 271, 278 (5th Cir. 2022) (concluding that jailers violated inmate's due process rights "by detaining him for six years in violation of the commit-or-release rule and the circuit court's order enforcing that rule"); *Jauch v. Choctaw Cnty.*, 874 F.3d 425, 432–34 (5th Cir. 2017) (concerning general due process challenge to a prolonged pretrial detention of 96 days without

an arraignment or other court appearance); *Douthit v. Jones*, 619 F.2d 527, 536 (5th Cir. 1981) (recognizing that, to establish their entitlement to qualified immunity on inmate Douthit's false imprisonment claim, the jailers were required to "present evidence of objective facts upon which they could have based a good faith, reasonable belief that they had the legal authority to continue to hold" Douthit after he had satisfied the sentence imposed upon him); *Pugh v. Rainwater*, 572 F.2d 1053, 1057 (5th Cir. 1978) (concerning an inmate's right to be released before trial conditioned on giving assurances he will stand trial and submit to the imposed sentence if found guilty); *Whirl v. Kern*, 407 F.2d 781, 793–94 (5th Cir. 1968) (concerning, *inter alia*, plaintiff's nine-month detention even though all charges were dismissed).[2]

As with his previous failed motions and objections, Plaintiff's cited cases do not establish his right to not be detained for less than twelve hours after bail has been set. *See Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015) ("The plaintiff has the burden of demonstrating that the defendant official is not entitled to qualified immunity."). Moreover, these cases fall short of establishing that "every reasonable official would have understood what he is doing violates that right." *Ashcroft*, 563 U.S. at 741 (internal quotation omitted). Accordingly, Plaintiff's objections to the July 11, 2025 M&R are **OVERRULED**. (D.E. 69).

---

[2] Plaintiff also cites "*Taylor v. LeBlanc*, __ F.4th __, No. 22-30307, 2023 WL 3604235 (5th Cir. May 15, 2023) for the proposition that the right to timely release after completing sentence is clearly established for qualified immunity purposes. Plaintiff has provided the incorrect case citation. The correct citation for this case appears to be *Taylor v. LeBlanc*, 68 F.4th 223 (5th Cir. 2023) as it was issued on May 15, 2023 and considers the issue noted by Plaintiff. Contrary to the issue presented in this case involving Plaintiff's short time in confinement after obtaining bail, this decision analyzed detention for a significant period of time following an inmate's alleged release date. *Id.* at 226–27. Moreover, this decision that Plaintiff cites was subsequently withdrawn. *See Taylor v. LeBlanc*, No. 21-30625, 2023 WL 4155921 (5th Cir. Jun. 23, 2023) (per curiam).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's remaining outstanding motions, (D.E. 51; D.E. 57). Having reviewed the proposed findings and conclusions of the July 11, 2025 M&R, the record, the applicable law, and having made a *de novo* review of the portions of the July 11, 2025 M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(l)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 69), and **ADOPTS** the findings and conclusion of the July 11, 2025 M&R, (D.E. 64). Because the Court has since granted Sheriff Ramirez's Motion for Judgment on the Pleadings, (D.E. 27), as to Plaintiff's Fourteenth Amendment due process claim, (D.E. 68), the Court **DENIES with prejudice** Plaintiff's Second Motion for Summary Judgment, (D.E. 60), and **DENIES** Sheriff Ramirez's Motion to Strike, Stay Proceedings on, or Deny as Premature Plaintiff's Second Motion for Summary Judgment, (D.E. 61), as **moot**.

As the July 18, 2025 Order dismisses the final claim in this case and this Order addresses all remaining matters, the Court will enter a Final Judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
July 24th, 2025